**PIKLE–RITE COMPANY, Inc., Plaintiff,**

v.

**BONDUEL PICKLING COMPANY, Inc., a Wisconsin corporation, Philipp Lithographing Company, a corporation, Defendants.**

**No. 67–C–251.**

United States District Court
E. D. Wisconsin.

April 12, 1968.

552

Burton A. Strnad, Milwaukee, Wis., Alberts, Brezina & Lund, Chicago, Ill., for plaintiff.

Snyder, Fisher, Lee, Lilly & Hecht, Milwaukee, Wis., for defendants.

## DECISION ON MOTIONS

MYRON L. GORDON, District Judge.

Both sides have presented motions for the court's attention. The defendant, Bonduel, has moved for dismissal of the amended complaint on the grounds that it fails to state a claim pursuant to rule 12(b), Federal Rules of Civil Procedure; the court finds that there is no merit to such motion.

The defendant, Bonduel, has also moved for summary judgment, and this motion must also be denied since its entitlement to summary judgment is not apparent from the pleadings and the materials which have accompanied such motion.

Also, the plaintiff has moved for summary judgment. The court is of the opinion that there are questions of fact which preclude the granting of such motion.

One of the documents relied upon by the plaintiff in support of its motion is a deposition by Robert H. Zwicky. Mr. Zwicky averred that he owns a majority interest in the stock of the defendant, Bonduel. Mr. Zwicky's deposition contains a number of significant admissions (or innuendos) which would bear upon the plaintiff's motion for summary judgment. However, subsequent-

ly, at a deposition taken of Mr. Casey Wood, president of Bonduel, the company's counsel of record asserted that his office had been given no notice whatsoever of the deposition which was taken of Mr. Zwicky. This squarely contradicts the statement made by the attorney who was present at the hearing on behalf of Mr. Zwicky; he responded in the affirmative when asked whether the firm representing the defendant had been notified of the hearing.

In my opinion, it would be inappropriate for the court to give any weight to the admissions and declarations made by Mr. Zwicky when there is a question on the record concerning the propriety of the taking of his deposition.

There is also some doubt as to what products are involved in this dispute. In its amended complaint, the plaintiff alleges that the name "Pickle-Bite" is used by the defendant, Bonduel, "on pickles, pickled products and related products". The same or similar phraseology appears in paragraphs numbered 13, 14, 15, 16, 17 and 19, all of which are denied in the answer of Bonduel.

In his deposition, the president of Bonduel averred that the "Pickle-Bite" label was used for olives (page 6, deposition dated December 8, 1967). At a subsequent point in his deposition (at page 16), he was asked what products were sold under the name of "Pickle-Bite", and he responded "olives, kraut and stuffed peppers".

The labels annexed to the affidavit of Mr. John Wood, Sr., president of the plaintiff corporation (Exhibits E through M, show that the name "Pikle-Rite" appeared on a number of products, but none of such products included either stuffed peppers or olives. Exhibit G relates to sauerkraut, but it is obviously not a jar label, but rather it seems to be an instruction card regarding the care of sauerkraut.

The court is mindful of the expression of the court in California Fruit Growers Exchange et al. v. Windsor Beverages,

118 F.2d 149, 152, 153 (7th Cir. 1941). Nevertheless, in considering the propriety of granting a motion for summary judgment, the court is of the opinion that there should be clear proof that the same or closely related products are packaged by Bonduel.

In order to determine whether there is a "likelihood of confusion" under the test laid down in National Van Lines, Inc. v. Dean, 288 F.2d 5, 9 (7th Cir. 1961), it would seem essential that the court have before it an adequate record regarding the products involved. Since there is doubt on this question in the present state of the record, it would be inappropriate to grant summary judgment.

It is therefore ordered that the plaintiff's motion for summary judgment, defendant's motion for summary judgment, and the defendant's motion for dismissal of the amended complaint be and are hereby denied.